IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DANIEL COSTA, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CPI SECURITY SYSTEMS, INC.<br><br>Defendant. | Case No.<br><br>Complaint – Class Action |

**CLASS ACTION COMPLAINT**

Plaintiff Daniel Costa (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**Preliminary Statement**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA,

1

generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by CPI Security Systems, Inc. ("CPI Security") who used pre-recorded calls to market its services without the prior express consent of the call recipients.

3. The Plaintiff also brings this putative class action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10, *et seq.*, alleging that CPI Security made telemarketing calls to a number listed on the National Do Not Call Registry, which violates the SCTPPA in addition to the TCPA.

4. Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

## Parties

5. Plaintiff Daniel Costa maintains his residence in South Carolina.

6. Defendant CPI Security Systems, Inc. has its principal place of business in this District.

## Jurisdiction & Venue

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law. The Court also has supplemental jurisdiction because the SCTPPA claim relates to the same telemarketing campaign as the TCPA.

8. This Court has jurisdiction over the defendant as CPI Security Systems has its principal place of business in this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District and made the telemarketing calls at issue from this District.

**The Telephone Consumer Protection Act**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

11. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or

prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## **SCTPPA**

15. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, *et seq*.

16. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

17. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## Factual Allegations

18. CPI Security provides home security services.

19. CPI Security utilizes telemarketing to generate new customers.

20. CPI Security promoted their services using pre-recorded telemarketing calls.

21. At no point prior to the telemarketing calls that Plaintiff received that led to this lawsuit did the Plaintiff seek provide consent to receive calls from CPI Security.

22. Plaintiff's telephone number, 803-XXX-8161 is assigned to a cellular telephone service.

23. The Plaintiff's telephone number was on the National Do Not Call Registry on February 13, 2016.

24. Despite this, Mr. Costa received pre-recorded telemarketing calls from CPI Security on at least April 28 and May 1, 2023.

25. The Caller ID for the pre-recorded messages were (803) 820-XXXX.

26. (803) is a South Carolina area code.

27. However, the caller was not in South Carolina.

28. Instead, the caller used "neighborhood spoofing" technology to make it appear as if the telemarketing call was local to increase the likelihood that an individual would answer the call.

29. The pre-recorded message inquired if the call recipient was a homeowner and was asked to press a button in response.

30. The Plaintiff got the same pre-recorded message for each call.

5

31. In order to identify the company responsible for sending a pre-recorded message to his cell phone listed on the National Do Not Call Registry, the Plaintiff responded to the recorded message and sought to speak to someone.

32. Mr. Costa was solicited for a CPI Security promoted security system with an initial fee of $49.95.

33. CPI Security wanted to send a technician to Mr. Costa's house to install the CPI Security System.

34. Mr. Costa was not interested but asked for their telephone number.

35. The telephone number provided was 877-933-0193.

36. 877-933-0193 is a telephone number for CPI Security.

37. Mr. Costa's counsel then contacted CPI Security regarding the illegal call.

38. CPI Security did not deny that they made the pre-recorded calls.

39. All class members, as defined below, have had their privacy invaded through receipt of the telemarketing calls.

## Class Action Allegations

40. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

41. The class of persons Plaintiff proposes to represent is tentatively defined as:

**Robocall Class:** All persons within the United States to whom: (a) CPI Security and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to a cellular telephone number; (c) using a recorded message; (d) that were made to promote the services of CPI

Security; and (e) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

**SCTPPA Class**: All persons with a South Carolina area code to whom (1) at any time from May 18, 2018 until trial, (2) CPI Security, or someone on their behalf, (3) placed at least one call, (4) where it called a number on the National Do Not Call Registry, (5) while promoting their services.

42. Excluded from the Class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

43. The class as defined above is identifiable through phone records and phone number databases.

44. The potential class members number is likely at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

45. Plaintiff is a member of the class.

46. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether CPI Security made the calls at issue with a pre-recorded message as that term is defined by the TCPA;

    b. Whether CPI Security made the calls to South Carolina area codes;

    c. Whether the calls without obtaining the recipients' prior consent for the call; and

d. Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

47. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

48. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

49. Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

50. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

51. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

52. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(b) on behalf of the Robocall Class

53. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

54. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

55. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

57. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons

or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## SECOND CAUSE OF ACTION
### (Violation of SC Telephone Privacy Protection Act)

58. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

59. Defendant violated the SC Telephone Privacy Protection Act by contacting class members' South Carolina numbers that were listed on National Do Not Call Registry, or by the fact that others did so on their behalf.

60. The Plaintiff, on behalf of the class, also seeks an injunction, which the SC Telephone Privacy Protection Act explicitly permits, preventing the Defendant from calling a South Carolina number on the National Do Not Call Registry, or from anyone doing so on their behalf.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and SCTPPA;

E. An order enjoining Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls using pre-recorded messages to call cellular telephones, except for emergency purposes, in the future.

F. An award to Plaintiff and the Class of damages, attorneys' fees and costs, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 21st day of November, 2023.

>PLAINTIFF,
By his attorneys,

/s/ *Ryan P. Duffy*
Ryan P. Duffy
**The Law Office of Ryan P. Duffy, PLLC**
1213 W. Morehead Street
Suit 500, Unit #450
Charlotte, North Carolina 28208
ryan@ryanpduffy.com
Telephone: (704) 741-9399

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Subject to Notice of Special Appearance*