UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-CV-00800

DANIEL COSTA, INDIVIDUALLY AND
ON BEHALF OF A CLASS OF ALL
PERSONS AND ENTITIES
SIMILARLY SITUATED,

        Plaintiff,

v.

CPI SECURITY SYSTEMS, INC.

        Defendants.

**DECLARATION OF JOHN SHOCKNESSE**

1. My name is John Shocknesse.

2. I am over the age of 18 years old.

3. I am an employee of CPI Security Systems, Inc.

4. I have worked there for 23 years.

5. My job title is Vice President of Customer Operations ("VP Customer Ops").

6. In my role as VP Customer Ops, I have knowledge concerning the methods CPI employs to market to potential customers.

7. In my role as VP Customer Ops, I have knowledge concerning how and under what circumstances CPI contacts customers via telephone.

8. In my role as VP Customer Ops, I have access to CPI's records of incoming and outgoing telephone calls and text messages, including recordings of phone calls with customers and potential customers.

9. CPI did not make any pre-recorded telemarketing calls to Plaintiff Daniel Costa at any time.

1

10. CPI has never called Plaintiff Daniel Costa or any other person using the phone number 803-820-0295.
11. CPI does not and has never had any affiliation with the phone number 803-820-0295.
12. CPI does not and has never had any affiliation with hometechnology.com or hometechnologies.com.
13. CPI does not use third parties (e.g. alarm dealers) for phone sales, and CPI did not authorize or take through any third party any of the actions described in paragraphs 9 through 12 above.
14. CPI does not have an employee named Alex working in the processing department.
15. CPI does not have a processing department.
16. The telephone number 877-933-0193 referenced in Plaintiff's Complaint is an inbound phone number that, if dialed, will connect a potential customer to CPI Security. It is one of many numbers that are *only* utilized by CPI through display in Google Ads resulting from user-entered search terms such as generic terms involving home security, or security systems, or home technology, or competitor terms. This phone number is not generally known among and is not utilized by CPI's customer (or potential customer)-facing representatives and would not be provided by CPI on phone calls or in text messages to customers or potential customers as a contact number for CPI.

17. The only CPI employees who have spoken with Plaintiff Daniel Costa on the telephone are Andrew "Andy" Harnen and Melissa Pagano.
18. CPI's first interaction with Plaintiff Daniel Costa was on May 1, 2023, when Plaintiff called CPI using the false name "John Manner" and false addresses "501 Hudson Street" and "501 Hudson Ave." CPI did not have Daniel Costa's phone number until he provided it to CPI on this call.
19. CPI employee Andy Harnen answered that telephone call.
20. On that telephone call, Plaintiff Daniel Costa inquired about CPI's services, and Andy asked Plaintiff Daniel Costa for his name and address, at which time Plaintiff Daniel Costa provided a false name and address.
21. When that telephone call was disconnected, Andy tried to call Plaintiff Daniel Costa back to finish setting up his customer account. This was a live telephone call. Plaintiff Daniel Costa did not answer that telephone call, so Andy left him a voicemail with a call back number of 877-240-2145.
22. On May 1, 2023, Plaintiff called CPI a second time and spoke with a customer sales representative named Melissa Pagano. Plaintiff again provided a false name, telling Melissa his name was "John Manner." Plaintiff demanded to speak with "Alex in the processing center of hometechnology.com." Melissa, the CPI customer sales representative, did not know of or have any record of who "Alex in the processing center of hometechnology.com" was. Melissa then explained to Plaintiff that she had CPI's upper management pull all the call logs for CPI's customer sales center to see anyone Plaintiff had spoken with,

3

and the records clearly indicated that Plaintiff had only spoken with Melissa and Andy on May 1, 2023. Plaintiff then told Melissa that he got a call from 803-820-0295, and that he was then connected to "Alex in the processing center" who directed him to "hometechnologies.com."

23. CPI is not and has never been affiliated in any way with hometechnology.com or hometechnologies.com.

24. CPI has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(b). Specifically, CPI has a written policy for handling do-not-call requests and maintaining an internal do-not-call list. Pursuant to the policy, CPI records and maintains recordings of all do-not-call requests. If a caller requests to be placed on CPI's do-not-call list, CPI will honor that request indefinitely and within 30 days as prescribed by law.

25. CPI would not have spent time and resources helping Plaintiff had it known that Plaintiff was providing fictitious personal information, that Plaintiff was calling to perpetuate his business as a serial TCPA plaintiff, or that Plaintiff was not interested in CPI's security services. CPI would instead have used that time and those resources to further its actual business interests, including managing other lead activity and making sales to other prospective customers.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: December 18, 2023

_____
John Shocknesse