UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-CV-00800

| | |
|---|---|
| DANIEL COSTA, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL PERSONS AND ENTITIES SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>v.<br><br>CPI SECURITY SYSTEMS, INC.<br><br>    Defendants. | **DEFENDANT CPI SECURITY SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS CPI'S COUNTERCLAIMS** |

**INTRODUCTION**

With an interpretation of Rule 9(b) that strains credulity, Mr. Costa argues in his Motion to Dismiss (the "Motion") that CPI has failed to plead its counterclaims for fraud and negligent misrepresentation with particularity. Mr. Costa makes this argument in spite of the fact that CPI plead the precise date, participants, and content of Mr. Costa' fraudulent activities.

Moreover, without any legal support for same, Mr. Costa equates himself to an FTC investigator and based upon that fallacy, apparently believes he has a license to commit fraud against CPI so long as he does it for "investigative purposes." That is not the law in this District.

As set forth more fully below, CPI's counterclaims are plead with more than adequate specificity to meet the requirements of Federal Rule of Civil Procedure 9(b), and are not subject to dismissal for any other reason. Thus, the Motion should be denied.

1

## RELEVANT FACTUAL BACKGROUND

On December 18, 2023, CPI filed its Answer, wherein CPI clearly set forth the fact that it did not make the telephone calls at issue. [ECF 6 ¶¶ 27-33.] On the same day, CPI asserted counterclaims for fraud, and in the alternative, negligent misrepresentation. [ECF 6 ¶¶ 28-43.] The precise allegations of CPI's fraud counterclaim are as follows:

> When Plaintiff called CPI on May 1, 2023 and spoke to customer sales representatives Andy and Melissa, he made multiple false representations, providing a false name and two false addresses. The false name Plaintiff provided was John Manner. The two false addresses Plaintiff provided were 501 Hudson Street, Cayce, South Carolina and 501 Hudson Avenue, Cayce, South Carolina. Plaintiff intended to deceive CPI into believing the false name and addresses he provided were in fact, his name and address, and that he had an interest in purchasing CPI's security services. Plaintiff's false statements were reasonably calculated to deceive CPI because CPI has to rely on its potential customers to provide truthful information when they call in claiming they are interested in purchasing CPI's security services. CPI was, in fact deceived into believing that Plaintiff's name was John Manner and that his address was either 501 Hudson Street, Cayce, South Carolina or 501 Hudson Avenue, Cayce, South Carolina, and that he had interest in purchasing CPI's security services, which is evidenced by Andy's attempt to call Plaintiff back to finish setting up his customer account. CPI would not have spent time and resources on Plaintiff had it known that Plaintiff was contacting CPI to perpetuate his own business as a serial TCPA plaintiff, that his name and address were fictitious, or that he was not actually interested in buying CPI's security services. CPI was damaged by Plaintiff's deceptive conduct, including but not limited to the loss of potential customers who would have otherwise been assisted by CPI customer sales representatives Andy and Melissa while Plaintiff was defrauding them, lost revenue, and lost employee time

spent attempting to help clarify Plaintiff's situation and set up what Plaintiff knew was a fraudulent account.

[*Id.* at ¶¶ 29-35.]

The precise allegations of CPI's negligent misrepresentation claim are as follows:

> When Plaintiff called CPI on May 1, 2023 and spoke to customer sales representatives Andy and Melissa, he made multiple false representations, providing a false name and two false addresses, and feigning interest in purchasing CPI's security services. The false name Plaintiff provided was John Manner. The two false addresses Plaintiff provided were 501 Hudson Street, Cayce, South Carolina and 501 Hudson Avenue, Cayce, South Carolina. Plaintiff failed to exercise reasonable care when he provided a false name and false addresses, and when he feigned interest in CPI's security services, to CPI's customer sales representatives. Plaintiff owed CPI a duty of reasonable care to provide accurate personal information and to otherwise be truthful in his interactions (including his interest in calling) when setting up a customer profile with CPI's customer sales representatives. CPI justifiably relied on the false name and false addresses Plaintiff provided, and in Plaintiff's feigned interest in purchasing CPI's security services, because CPI has to rely on its potential customers to provide truthful information when they call in claiming they are interested in setting up an account for alarm services. CPI relied on the false name and false addresses Plaintiff provided to its detriment and was damaged by Plaintiff's deceptive conduct, including but not limited to the loss of potential customers who would have otherwise been assisted by CPI customer sales representatives Andy and Melissa while Plaintiff was defrauding them, lost revenue, and lost employee time spent attempting to set up what Plaintiff knew was a fraudulent account.

[*Id.* at ¶¶ 37-43.]

Moreover, CPI supported its answer and counterclaims against Mr. Costa with the Declaration of John Shocknesse. [ECF 6-1.]

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. (2009) (internal citations omitted).

## ARGUMENT

**A. CPI HAS ADEQUATELY PLEAD ITS FRAUD CLAIM.**

By alleging the precise date, details, and participants in Mr. Costa's fraudulent scheme, CPI has adequately plead its fraud claim with particularity. "While the facts constituting the fraud must be alleged with particularity, there is no requirement that any precise formula be followed or that any certain language be used. It is sufficient if, upon a liberal construction of the whole pleading, the charge of fraud might be supported by proof of the alleged constitutive facts." *Hunter v. Guardian Life Ins. Co. of Am.*, 162 N.C. App. 477, 481, 593 S.E.2d 595, 597 (2004); *see also Becker v. Graber Builders, Inc.*, 149 N.C. App. 787, 793–94, 561 S.E.2d 905, 910 (2002) (denying motion to dismiss fraud claim when the plaintiff plead "that defendants obtained the certificate of occupancy with the intent to deceive her, that she did not learn of their deception until after 31 October 1997 while attempting to sell the house, and that, as a result of this fraud, plaintiff has suffered damages"). "Dismissal of a

4

claim for failure to plead with particularity is proper ***where there are no facts whatsoever setting forth the time, place, or specific individuals who purportedly made the misrepresentations***." *Constr. Managers, Inc. of Goldsboro v. Amory*, No. 18 CVS 1359, 2019 WL 2167311, at *14 (N.C. Super. May 17, 2019) (emphasis added) (denying motion to dismiss when fraud claim was plead to include the timing and contents of allegedly fraudulent statements along with reliance and damages).

Here, CPI provided extremely precise detail about Mr. Costa's fraud. CPI plead the date of the fraud, the names of the CPI employees Mr. Costa defrauded, the precise fraudulent statements Mr. Costa made, how and why CPI relied on those statements, how CPI was damaged, and why Mr. Costa's statements were reasonably calculated to deceive CPI. [ECF 6 ¶¶ 28-33.]

First, in the Motion, Mr. Costa alleges that CPI has failed to plead its fraud claim with particularity because "[a]ll CPI speculates [*sic*], and that upon only information and belief, is that the Plaintiff obtained CPI's phone number 877-933-0193 through a google search and not by a CPI representative illegally calling him *first* and then providing that number as a callback number, which is actually what happened. Critically, CPI doesn't allege when this search occurred." [ECF 7 at 3-4.] How Mr. Costa obtained CPI's phone number is not even the basis for CPI's fraud counterclaim, which Mr. Costa and his counsel should be well aware of from reading the counterclaims. This argument is nothing but a red herring calculated to distract this Court. Again, the precise allegations of CPI's fraud counterclaim are as follows:

5

## COUNT ONE
## FRAUD

28. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.
29. When Plaintiff called CPI on May 1, 2023 and spoke to customer sales representatives Andy and Melissa, he made multiple false representations, providing a false name and two false addresses.
30. The false name Plaintiff provided was John Manner. *Id.* at ¶¶ 18, 22.
31. The two false addresses Plaintiff provided were 501 Hudson Street, Cayce, South Carolina and 501 Hudson Avenue, Cayce, South Carolina. *Id.*
32. Plaintiff intended to deceive CPI into believing the false name and addresses he provided were in fact, his name and address, and that he had an interest in purchasing CPI's security services.
33. Plaintiff's false statements were reasonably calculated to deceive CPI because CPI has to rely on its potential customers to provide truthful information when they call in claiming they are interested in purchasing CPI's security services.
34. CPI was, in fact deceived into believing that Plaintiff's name was John Manner and that his address was either 501 Hudson Street, Cayce, South Carolina or 501 Hudson Avenue, Cayce, South Carolina, and that he had interest in purchasing CPI's security services, which is evidenced by Andy's attempt to call Plaintiff back to finish setting up his customer account. *Id.* at ¶ 21.
35. CPI would not have spent time and resources on Plaintiff had it known that Plaintiff was contacting CPI to perpetuate his own business as a serial TCPA plaintiff, that his name and address were fictitious, or that he was not actually interested in buying CPI's security services. CPI was damaged by Plaintiff's deceptive conduct, including but not limited to the loss of potential customers who would have otherwise been assisted by CPI customer sales representatives Andy and Melissa while Plaintiff was defrauding them, lost revenue, and lost employee time spent attempting to help clarify Plaintiff's situation and set up what Plaintiff knew was a fraudulent account.

6

Indeed, in compliance with Rule 9(b), CPI has plead granular detail about the "who, what, when, and where" of its fraud counterclaim and also supported its fraud counterclaim with the Declaration of John Shocknesse. This is a far cry from a barebones "Mr. Costa wronged us" allegation.

Second, Mr. Costa contends that CPI's fraud counterclaim is not plead with particularity because CPI has not alleged "an estimate of its claimed losses." [ECF 7 at 5.] He fails to provide a single citation to authority that requires an accounting of damages to be provided at the pleading stage. That is because he cannot.

Third, Mr. Costa contends, without citation to authority, that CPI's fraud counterclaim is not plead with particularity because CPI "does not explain *how* [Mr. Costa's] conduct was at all fraudulent or at all calculated to deceive CPI." *Id.* (emphasis in the original). Knowingly false statements made with the intent to deceive, that damage another party are, by definition, fraudulent statements. *See generally* Hunter, 162 N.C. App. 477 at 481 (2004). And CPI has plead just that – Mr. Costa made statements he knew to be false, with the intent to deceive CPI, he did deceive CPI, and CPI was damaged by that conduct. [ECF 6, ¶¶ 28-33.]

Accordingly, Mr. Costa's Motion to Dismiss should be denied.

**B. CPI HAS ADEQUATELY PLEAD ITS NEGLIGENT MISREPRESENTAION CLAIM.**

CPI's negligent misrepresentation claim meets both FRCP 8(a) and 9(b) pleading standards. As a preliminary matter, this court and other federal courts in this state have declined to apply the Rule 9(b) pleading standard to claims for negligent misrepresentation brought under North Carolina law. *See Deerborne*

7

*Cottages, LLC v. First Bank*, No. 1:11CV178, 2012 WL 1835240, at *7 (W.D.N.C. Apr. 9, 2012), *report and recommendation adopted,* No. 1:11CV178, 2012 WL 1836093 (W.D.N.C. May 21, 2012) ("[T]his Court is persuaded by the Fourth Circuit's majority opinion in *Cigna Healthcare,* in which the Court rejected the very position advanced by Defendant FDIC in this case. Accordingly, the Court finds that Rule 9(b) does not apply to Plaintiffs' negligent misrepresentation claim, and, thus, Plaintiffs need not satisfy the heightened pleading requirements of Rule 9(b)."); *Higgins v. Spence & Spence, P.A.*, No. 5:07-CV-33-D, 2008 WL 506187, at *4 (E.D.N.C. Feb. 21, 2008) ("Notably, fraud is not an element of a claim of negligent misrepresentation. Thus, the court declines to apply the heightened pleading requirement of Rule 9(b) to plaintiff's negligent misrepresentation claim.")

But even applying the 9(b) pleading standards, CPI's negligent misrepresentation claim still passes muster. "Rule 9(b) is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 380 (4th Cir. 2008). Here, as with CPI's fraud counterclaim, Mr. Costa is already on notice of precisely what conduct is at issue, down to the date and the participants, before discovery even commences in this case.

First, Mr. Costa contends that "CPI has not pled how it justifiably relied on statements a consumer made in response to an alleged inquiry for setting up services." [ECF 7 at 9.] The plain language of CPI's negligent misrepresentation counterclaim debunks that assertion. Indeed, CPI alleged that " CPI justifiably relied

8

on the false name and false addresses Plaintiff provided, and in Plaintiff's feigned interest in purchasing CPI's security services, because CPI has to rely on its potential customers to provide truthful information when they call in claiming they are interested in setting up an account for alarm services." [ECF 6 ¶ 42.]

Second, Mr. Costa contends that "CPI has not pled the existence of any facts which would support the assertion that it was reasonable for it to rely on the Plaintiff's statements" because CPI has not alleged that there were any contracts between the parties or "memoranda to memorialize the fact that relying on a purportedly interested customer's statements was reasonable." [ECF 7 at 9-10.] Mr. Costa has not cited any case that requires there to be a contract or memoranda between the parties for a negligent misrepresentation claim to survive dismissal at the pleading stage. The case Mr. Costa cites for that proposition, *Performance Sales & Mktg., LLC v. Lowe's Companies, Inc.*, does not stand for the proposition that a contract is required for a negligent misrepresentation claim. The Court simply used contractual terms between the parties in analyzing reasonable reliance. Indeed, that Court explained,

> The Court is also of the opinion that any reliance based on Cornwell's statements was unreasonable to the extent that these statements were not commemorated in the parties' written contracts, which contained merger clauses. If PSM had desired an assurance that Lowe's would pay the full amount of the Manufacturers' Revenue Stream to PSM for a set number of years, PSM could have negotiated for a contract with a term greater than one year.

*Performance Sales & Mktg., LLC v. Lowe's Companies, Inc.*, No. 5:07CV140, 2010 WL 2294323, at *6 (W.D.N.C. June 4, 2010).

9

Third, Mr. Costa contends that CPI's negligent misrepresentation claim does not meet the 9(b) requirements because "CPI does not plead the existence of any professional, employment, fiduciary, contractual, or privity relationship." [ECF 7 at 11.] Again, Mr. Costa does not have a citation to authority that stands for this proposition. The case he cites, *Rountree v. Chowan Cnty.*, does not, in fact, stand for that proposition. *Rountree* is a summary judgment case, not a case that sets forth the pleading standards for negligent misrepresentation claims. *See Rountree v. Chowan Cnty.*, 252 N.C. App. 155, 155, 796 S.E.2d 827, 828 (2017). Instead, "the law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm and calls a violation of that duty negligence… The duty to exercise due care may arise out of contractual relations. ***However, a complete binding contract between the parties is not a prerequisite to a duty to use due care in one's actions in connection with an economic relationship***." *Davidson & Jones, Inc. v. New Hanover Cnty.*, 41 N.C. App. 661, 666, 255 S.E.2d 580, 584 (1979) (emphasis added).

Accordingly, Mr. Costa's Motion to Dismiss should be denied.

### C. THE LAW DOES NOT ALLOW MR. COSTA TO COMMIT FRAUD FOR INVESTIGATIVE PURPOSES.

The law in this district does not provide an exception to North Carolina common law on fraud and negligent misrepresentation for plaintiffs who purport to be engaged in investigative work.

First, Mr. Costa contends that his conduct cannot be the subject of CPI's counterclaims because "the Federal Trade Commission, which is charged with the

enforcement of federal telemarketing laws, regularly has investigators pose as potential customers, and courts have endorsed that approach."[1] [ECF 7 at 8.] While this may be the case in other, unrelated matters, there is no suggestion that the FTC deputized Mr. Costa to investigate CPI for potential TCPA violations.

Second, Mr. Costa contends that CPI's counterclaims should be dismissed because the Northern District of West Virginia dismissed a fraud counterclaim under "nearly identical" facts. [ECF 7 at 6.] The case Mr. Costa cites is readily distinguishable from the case at bar. In *Mey v. Castle L. Grp., PC*, the basis of the fraud counterclaim, was that the plaintiff misrepresented her interest in the defendant's qualification process "in order to trap the purported telemarketers into a lawsuit." *Mey v. Castle L. Grp., PC*, No. 5:19-CV-185, 2020 WL 5648326, at *3 (N.D.W. Va. Sept. 22, 2020). CPI has not alleged that Mr. Costa trapped it into a lawsuit or that the existence of this lawsuit is a measure of CPI's damages. As set forth explicitly in the Declaration of John Shocknesse, which was attached to CPI's

---

[1] Mr. Costa's attorney fails to disclose that he has attempted, unsuccessfully, to make this same argument in at least one other case. See, e.g., *Johansen v. EFinancial, LLC*, No. 2:20-CV-01351-DGE, 2022 WL 168170 (W.D. Wash. Jan. 18, 2022). The Court in *EFinancial* rejected Plaintiff's argument on the bases that Plaintiff did not pose as an interested customer after receiving a call that he did not request and that Plaintiff had no need to investigate the source of the caller because he learned the identity of the caller when Defendant's representative immediately identified himself, Here, as alleged in CPI's counterclaims, Mr. Costa initiated his interaction with CPI. CPI did not call Mr. Costa until after Mr. Costa first called CPI feigning interest in purchasing CPI's services. In addition, Plaintiff alleges in his Complaint that he learned CPI was the caller after responding to the 803 call's prerecorded message and seeking to speak with someone: "Mr. Costa was solicited for a CPI Security promoted security system…." While CPI maintains that Mr. Costa's allegation is false, if it were taken as true, Mr. Costa would have had no reason to then call CPI and feign interest in purchasing CPI's services in order to identify CPI.

11

counterclaims, CPI did not make the telephone calls that form the basis for this lawsuit.[2] [ECF 6-1.] So, CPI has not been "trapped" into a lawsuit by any telephone call CPI had with Mr. Costa. Moreover, the damages alleged are the time, money, and resources CPI expended trying to set up a customer account for Mr. Costa based on the fraudulent account information he provided while expressing interest in CPI's services. Indeed, CPI does not claim that this lawsuit itself constitutes its damages.

But even if CPI were to argue that Mr. Costa's fraudulent activities trapped CPI into a lawsuit, the counterclaims would still survive dismissal. Contrary to Mr. Costa's assertion, multiple federal courts have permitted fraud counterclaims in TCPA actions where serial TCPA litigants, like Mr. Costa, affirmatively call companies to induce callbacks and provide false information to them. In *Cunningham v. USA Auto Prot., LLC*, the Court denied the motion to dismiss a fraud counterclaim where a serial TCPA litigant affirmatively made telephone calls to a company to induce callbacks and filled out the company's communication opt in form with a false name, address, and telephone number. *Cunningham v. USA Auto Prot., LLC*, No. 4:20-CV-142-RWS-KPJ, 2021 WL 434243, at *1, *4 (E.D. Tex. Jan. 8, 2021), *report and recommendation adopted*, No. 420CV00142RWSKPJ, 2021 WL 425100

---

[2] Even if CPI had made the calls at issue, which it did not, Mr. Costa's claim that his "investigation" was justified is further undercut by the fact that, the TCPA does not apply to cellular telephone numbers. Indeed, a magistrate judge in this Court recently recommended a motion to dismiss be granted where the only alleged calls were made to a cellular telephone number holding that "the authority rests with Congress to amend the TCPA and bring cell phones within its protections." *See Gaker et al. v. Q3M Insurance Solutions d/b/a Final Expense Assistant*, 3:22-cv-00286-RJC-DSC (W.D.N.C. Feb. 8, 2023).

(E.D. Tex. Feb. 8, 2021); *see also Franklin v. Upland Software, Inc.*, No. 1-18-CV-00236-LY, 2019 WL 433650, at *3 (W.D. Tex. Feb. 1, 2019), *report and recommendation adopted*, No. 1:18-CV-236-LY, 2019 WL 2745748 (W.D. Tex. Mar. 12, 2019) ("Upland's answer includes a counterclaim, in which it sues Franklin for common law fraud and fraud by nondisclosure. In short, Upland alleges that Franklin solicited the very texts he now claims in this lawsuit were unsolicited…Taking all of Upland's factual allegations as true…Upland has pled enough factual content to allow the Court to draw the reasonable inference that Franklin is liable for the misconduct alleged.").

Given that Mr. Costa cannot point to an exception to North Carolina common law on fraud and negligent misrepresentation that permits fraud under the guise of "investigation," the Motion should be denied.

### D. IF THIS COURT WERE TO FIND THAT CPI'S PLEADING IS INSUFFICIENT, LEAVE TO AMEND IS THE PROPER REMEDY.

Should this Court find that CPI's counterclaims are inadequately plead, which this Court should not, the appropriate remedy is leave to amend rather than dismissal. "In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be freely given." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (citing Federal Rule of Civil Procedure 15). CPI has not been dilatory, has not previously been given leave to amend, and amendment is

13

certainly not futile as CPI's counterclaims are well grounded in North Carolina law. Thus, leave to amend would be proper under Federal Rule of Civil Procedure 15.

## CONCLUSION

For the foregoing reasons, Mr. Costa's Motion to Dismiss should be denied. In the alternative, this Court should grant CPI leave to amend its counterclaims.

Dated: January 22, 2024.    Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: s/ *Caroline M. Gieser*
Caroline M. Gieser
North Carolina Bar No. 51610
cgieser@shb.com
1230 Peachtree Street, Suite 1200
Atlanta, Georgia 30309
(470) 867-6013

-and-

Charles C. Eblen
(*Pro Hac Vice forthcoming*)
ceblen@shb.com
Jason R. Scott
(*Pro Hac Vice forthcoming*)
jscott@shb.com
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550

***Counsel for Defendant CPI Security Systems, Inc.***

**CERTIFICATE OF SERVICE**

I certify that on the 22nd day of January, 2024, I served the foregoing document by ECF on all counsel of record.

/s/ *Caroline M. Gieser*
Caroline M. Gieser

***Counsel for Defendant CPI Security Systems, Inc.***